## Case No. 3,019.

### COLLINS v. WHITE.

[3 App. Com'r Pat. 392.]

Circuit Court, District of Columbia. Oct. 17, 1860.

DISMISSAL OF APPLICATION FOR PATENT ON INTERFERENCE—NOVELTY—TOOLS OF IRON AND STEEL—CAVEAT—EVIDENCE—SUFFICIENCY—AMENDMENT OF CLAIM.

[1. On interference, the application should be dismissed where it appears that the claim has no patentable novelty, irrespective of the question of priority of invention.]

[2. A broad claim to the manufacture of tools of steel and iron by running such metal in a fluid state into mould form, is not patentable at this day.]

[3. A caveat embracing a broad claim as to casting tools in moulds from suitable metals, while not evidence of a claim to an invention for casting tools with iron bodies and steel edges, yet, being a document not required to be specific, it will not override the testimony of witnesses as to the previous discovery of the subordinate invention claimed.]

[4. Where there is no countervailing testimony or basis upon which to assail competent testimony as to priority of invention on the ground of bias or prejudice, it must be accepted as true.]

[5. A claim for an invention which is too broadly specified may be amended to conform to what, in the opinion of the patent office, and by the judgment on appeal therefrom, is considered as patentable.]

[Appeal from the commissioner of patents.

[On interference. Application by Samuel W. Collins for a patent for casting tools with iron bodies and steel edges. Interference declared with patent of William White. From a decision of the commissioner of patents rejecting the application, the applicant appeals.]

MERRICK, Circuit Judge. The first reason of appeal assigns for error that after the interference had been declared and the parties had gone to issue upon the pretensions set forth in their several specifications it was not competent for the office to narrow that issue by deciding that any part of the claims was not patentable for want of novelty, in either party, irrespective of the question of priority then agitating between them. In this I think the appellant is mistaken, and that it is not only competent for the office, but that it is its imperative duty, when in the progress of an inquiry before it a claim is found to be untenable, to lay hold of the objection and reject the application. Moreover, I am of the opinion that the course pursued by the office in this particular instance has not operated oppressively upon the applicant, but that, on the contrary, unusual facility has been given to present and vindicate his right to whatever is really meritorious in his application. The broad claim of the specification to the manufacture of tools, etc., of steel, or steel and iron combined by pouring or running such metal or metals in a fluid state into moulds of the form desired, is certainly not patentable at this day. The reference given by the office to Needham's patent of October, 1824, is too conclusive to admit of controversy on that point. But the office, in considering the more restricted invention involved in the broader claim, to wit, casting tools of proper form in moulds, of different metals so united in the casting as to obviate for moulding the edges of the tools to the bodies thereof which result is effected by first pouring into moulds the molten steel for the edge and then pouring in moulten iron immediately while the whole is thoroughly fused to compose the body of the tool, has determined that priority of invention rests with the appellee. This conclusion seems to rest upon two considerations, First, that the caveat filed by appellant in December, 1858, contains no allusion to this invention; and, secondly, that the witness mainly relied on by the appellant is interested and unworthy of credit. The caveat is very general and designed to embrace a claim broad as the art of casting tools in moulds from suitable material. Indeed the appellant, down to the present time, seems to persist in supposing himself entitled to a patent to that extent, and forasmuch as the caveat contains no allusion to the subordinate invention, it certainly is no evidence in favor of the present claim, but as he seems in good faith to have always insisted upon the larger invention I do not think that the silence of the caveat upon the subordinate is evidence which ought to override the positive testimony of witnesses to its previous discovery. It should be borne in mind that when a caveat is used as evidence to disprove a claim not embraced in terms that it is a document not required by the law to be specific in its terms, nor is it presumed to describe the whole invention of the party, but is filed in the office (in its terms; nor is it presumed to describe the whole invention) rather as a warning that the inventor is in the exercise of due diligence in the pursuit and perfection of his discovery, whereas the presumption arising from the matured specification of a patent is that he has fully described, as the law requires, every part of his invention, and has done so in clear and unequivocal language; and we know that even this presumption as to a specification may be over-

come by the weight of countervailing testimony in favor of the party upon the allegation of mistake or inadvertence, upon a claim for reissue.

The remaining objection of the office is that the witnesses relied on by the appellant are not to be believed on account of their interest in the result. This interest is deduced from the fact that the invention in question was first introduced and practiced by Samuel W. Collins at the establishment of the Collins Manufacturing Company, which is a corporate body having its place of business at Collinsville, in Hartford county, Connecticut; that Samuel W. Collins is a large, perhaps a principal, stockholder in that company; and the witnesses are also stockholders in that company. It being shown that one corporator, who has made an invention, has first introduced and allowed the use of his invention in the operations of a corporation whereof he is a stockholder, furnishes no proof whatever that the corporation has any right of property in the invention itself. At most it is an act of grace and favor in him towards the corporation, prompted perhaps by the personal advantage to himself resulting out of the increased general profit by the use of the invention, but still it is a privilege which he has a right to withhold at pleasure from the company, and to which they have no legal claim. It is his exclusive property, which he may sell if he pleases, or give to the company or to the world as he may any other property, and it is beyond the power of others to control his right except by force of some contract, an assignment, sale, or other obligation affirmatively shown to have been made limiting that right. In this case nothing of the kind is made to appear; and although witnesses circumstanced as the witnesses of the appellant are, may justly be suspected of bias and strong prejudices in his favor, which, if there were any conflict of testimony, would have weight in comparing their credibility with the credibility of witnesses swearing to a different state of facts. Yet as there is no countervailing testimony in the cause, there is no basis upon which their testimony can be assailed. They are legal and competent witnesses in the eye of the law, and, having sanctioned their averments by judicial oath, a court is bound to accept their testimony. Now, one of these witnesses,—Charles Blair,—who was by trade a blacksmith, who had skill and knowledge in the particular business, swears that the matter of the invention was given in charge to him by Mr. Collins some time in the summer of 1858, at the Collins factory; that under Mr. Collins' instruction he cast tools in moulds of steel and of scrap iron, and in the month of September and in the early part of the autumn he cast axes and anvils by pouring into the moulds first melted steel and then pouring upon that and into the same mould melted iron, the iron being poured into the mould while the steel is yet in a state of fusion, in order to form a union between the iron and steel. (See his deposition from Interrogatory 8 to 19, inc.)

It is impossible to read the testimony of this witness and resist the conclusion that the invention in question was consummated by Collins early in the autumn of 1858, unless we determine that he is willfully perjured. No judge has a right to declare a witness perjured and unworthy of credit unless his testimony be inconsistent and flatly contradictory to itself or be contradicted by other facts in the case. But the general probabilities are all in favor of the statements of this witness. Several others speak to the fact that the invention was used and practiced at the factory certainly very soon after the time to which he deposes. It is not denied that Collins had directed his attention for some time before to the general subject of casting tools in moulds, and there is no suggestion upon the record that he gained his knowledge from Mr. White. Now Mr. White has no testimony of any sort. He has contented himself with relying upon the date of his own application, which is the 4th of December, 1858, and upon the weakness of his adversary's case. Under these circumstances I cannot escape the conclusion that Collins appears by the record (whatever may be the real truth not spread upon the papers, and of which therefore nothing can be judicially known) to be the first inventor, and that priority ought to be awarded to him. But before he can avail himself of his invention it will be necessary for him to amend his specification by narrowing the claim to that which in the opinion of the office and by the present judgment is considered as patentable. Now, therefore, I hereby certify to the Hon. Philip T. Thomas, commissioner of patents, that, having assigned time and place for hearing said appeal, and having heard the appellant by counsel and the appellee in proper person, and having read and considered the testimony in the cause and the reasons of appeal and the decision and response of the office to those reasons, I am of opinion there is error in its judgment in the matter assigned in the second, third, and fourth reasons of appeal, and said judgment is accordingly reversed, priority of invention is awarded to S. W. Collins for so much of his invention as is patentable. as hereinbefore set out, and the case is hereby remanded with instructions to allow an amendment of his specification in conformity with this opinion, and for such other and further proceedings as may be necessary to perfect his right to a patent for the same.